IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. COLLINS, JR, #150739, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-231-WHA |
| | ) | |
| DR. JOHNNY BATES et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On August 4, 2017, the Magistrate Judge entered a Recommendation in this case Doc. #243. On August 22, 2017, the Plaintiff, Franklin Collins ("Collins"), filed a motion for leave to file a motion to alter or amend judgment under Rule 59(e).

The Motion for Leave to File is ORDERED GRANTED, but no judgment had been entered, so the request to alter or amend is DENIED. To the extent that the August 22, 2017 Motion is an Objection, it is DENIED as untimely as an objection to prior Orders of the court, but the court will consider it as an Objection to the August 4, 2017 Recommendation of the Magistrate Judge.

After *de novo* review of the objection and the file in this case, the court finds the Objection to be without merit.

Collins maintains he never received a copy of the supplemental special report filed on July 6, 2017 (Doc. # 238), and asserts that the Defendants failed to comply with court orders regarding the filing and serving of said document. Plaintiff filed a motion on July 18, 2017, regarding the failure to receive from the Defendants the July 6 supplemental special report. On July 20, 2017, the court granted Plaintiff an extension to file an opposition to the July 6 supplemental special

report and also directed the Clerk to mail plaintiff a copy of that pleading. There is no indication plaintiff did not receive the July 20 Order of the court, which included a copy of the Defendants' July 6 supplemental special report. This fact is not altered by Plaintiff's affidavit filed in support of his Objection, signed by a correctional officer, attesting to the fact that the legal mail log at the Camden Community Work Release fails to show that a copy of Doc. 238, filed by the Defendants, was received at the facility directly from the Defendants.

Regarding the alleged failure of the defendants to furnish him with a copy of their supplemental special report filed July 6, 2017, the Plaintiff maintains "failure to proper [sic] service under Rule 4(c)(5) [under the Ala. Rule of Civil Proc.] . . . deprives the court of jurisdiction and render its judgment void." Doc. 244 at 6. The Alabama Rules of Civil Procedure, however, are not applicable to the filing of pleadings in this court.

In addition to Plaintiff's contentions regarding a failure to receive a copy of the July 6 pleading directly from the Defendants, he challenges a finding that he was not placed on a list to see the dentist in January 2013 despite the Defendants' evidence that Dr. Bates instructed Nurse Stanbury to place him on the dental list to be examined by the dentist. See Doc. 244 at 7-10. Plaintiff argues that his medical records reflect, "with clear and convincing proof that [he] was placed on the list." Doc. 244 at 10. He further indicates Nurse Stanbury responded to an interrogatory he filed wherein she stated she "placed [plaintiff's] name on the dental list to see Dr. Roberson, per Dr. Bates' instructions." Doc. 244 at 7-8. In her affidavit, however, Nurse Stanbury testifies that due to the passage of time she cannot say with certainty whether Plaintiff's name was actually placed on the list to see the dentist despite the fact that she had made a written notation in plaintiff's medical records to do so per Dr. Bates' instruction.

To the extent Plaintiff's objection in this regard is based on his belief that the Magistrate Judge assumed in the Recommendation, to his benefit, that his name was not placed on the dental list creates a genuine dispute of fact in light of evidence submitted by Defendants which indicates they made a notation in his medical records that his name be put on the dental list, the objection is without merit. It lacks merit because it fails to undermine much less challenge the Magistrate Judge's finding that Defendants did not act with deliberate indifference by their failure to place his name on the dental referral list following his medical evaluation on January 19, 2013, based on a determination that this omission did not amount to an intentional act to delay or deny treatment for plaintiff or that any medical defendant was otherwise deliberately indifferent to his medical condition in this regard. Accordingly it is ORDERED as follows:

1. The court adopts the Recommendation of the Magistrate Judge and the Objection is OVERRULED.

2. Plaintiff's motion to dismiss his claims for declaratory and injunctive relief and his claims brought under the Americans with Disabilities Act and the Universal Declaration of Human Rights Act (Doc. 110 at p.27) is GRANTED;

3. Plaintiff's motion to dismiss the complaint and amendments thereto against Defendants Baker, Copelin, Jemison, Slater, and Walker (Doc. 110 at p.27) is GRANTED;

4. Defendants Baker, Copelin, Jemison, Slater, and Walker are DISMISSED with prejudice as parties to the complaint and amendments thereto;

5. The motions for summary judgment filed by Defendants Bates, Roberson, Stanberry, Lovvorn, Johnson, Maldonado, and Robinson (Docs. 73, 74, 77, 78, 228, 238) are GRANTED;

6. Judgment will be entered in favor of Bates, Roberson, Stanberry, Lovvorn, Johnson, Maldonado, and Robinson by separate Final Judgment;

7. Plaintiff's state law claims are DISMISSED without prejudice;

8. This case is DISMISSED with prejudice.

DONE this 8th day of September, 2017.

        /s/   W. Harold Albritton
SENIOR UNITED STATES DISTRICT JUDGE